In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-16-00337-CV
_____

**CHARLES KIRKWOOD, Appellant**

**V.**

**JEFFERSON COUNTY, TEXAS AND W. PROPERTIES, LLC, Appellees**

**On Appeal from the 172nd Judicial District Court**
**Jefferson County, Texas**
**Trial Cause No. E-194,967**

**MEMORANDUM OPINION**

This is the second time this case has been before us on interlocutory appeal.

The following is the factual and procedural background of the underlying suit as set

out in *Charles Kirkwood v. Jefferson County and W. Properties, LLC*, No. 09-15-

00296-CV, 2016 WL 536852, *1 (Tex. App.—Beaumont Feb. 11, 2016, no pet.)

(mem. op):

> In January 2010, Jefferson County (the "County") sued Sara Gleason
> to collect unpaid property taxes. In June 2010, the trial court signed a
> default judgment against Gleason. The record does not indicate that the

1

County recorded an abstract of judgment in the county real property records. In August 2010, Gleason sold her property to Charles Kirkwood by warranty deed, with a notation that the grantee was responsible for all delinquent taxes. After almost three years, in March 2013, the County posted the property for sheriff's sale and W. Properties, LLC purchased the property at the March 2013 tax sale. The following August, W. Properties, LLC gave Kirkwood notice to vacate the premises. Kirkwood subsequently filed a petition for bill of review, in which he argued that he failed to receive notice of the tax sale. In April 2014, the trial court denied Kirkwood's petition. In January 2015, Kirkwood filed a motion for new trial, which the trial court granted. However, the County filed motions to dismiss for lack of standing and for lack of jurisdiction. The trial court granted both motions.

In the previous appeal, this Court reversed the trial court's orders dismissing Kirkwood's suit for lack of standing and lack of jurisdiction and remanded the matter back to the trial court. *Id*. at *2. In March 2016, after the case was remanded to the trial court, the County filed a traditional motion for summary judgment asserting that its evidence proved as a matter of law that Kirkwood had received actual notice of the intended tax sale before it occurred. The trial court initially denied the motion in June 2016. The County then filed a motion for the trial court to reconsider. In August 2016, the trial court granted the County's motion for reconsideration and granted the motion for summary judgment on the issue of notice, dismissing Kirkwood's cause of action without prejudice. In this second appeal, Kirkwood again challenges the trial court's order dismissing his cause of action. The County also raises one cross-issue, arguing that Kirkwood failed to meet his burden to prove that the trial court

2

committed reversible error. We reverse the trial court's order granting summary judgment and remand for further proceedings consistent with this opinion.

We review a trial court's grant of a motion for summary judgment *de novo.* *Buck v. Palmer*, 381 S.W.3d 525, 527 (Tex. 2012). A defendant is entitled to summary judgment if the evidence establishes that there exists no genuine issue of material fact and that he is entitled to judgment as a matter of law. *Lear Siegler, Inc. v. Perez,* 819 S.W.2d 470, 471 (Tex. 1991); Tex. R. Civ. P. 166a. In determining whether a party seeking summary judgment has met that burden, we view the evidence in the light most favorable to the non-moving party, disregarding all conflicts in the evidence and taking as true all evidence favorable to the non-moving party. *Valence Operating Co. v. Dorsett,* 164 S.W.3d 656, 661 (Tex. 2005); *Harwell v. State Farm Mut. Auto. Ins. Co.*, 896 S.W.2d 170, 173 (Tex. 1995). "Every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in [his] favor." *Nixon v. Mr. Prop. Mgmt. Co.,* 690 S.W.2d 546, 548–49 (Tex. 1985). We consider evidence that supports the position of the moving party only if such evidence is uncontroverted. *Great Am. Reserve Ins. Co. v. San Antonio Plumbing Supply Co.,* 391 S.W.2d 41, 47 (Tex. 1965); *Procter v. RMC Capital Corp.,* 47 S.W.3d 828, 830 (Tex. App.—Beaumont 2001, no pet.).

Among the evidence the County submitted in support of its argument to the trial court that Kirkwood had actual notice of its intent to sell his property was sworn testimony that the County had (1) mailed letters to Gleason, the previous owner of the property; (2) published a legal notice bearing the property's description in a local newspaper; (3) posted a legal notice bearing the property's description at the courthouse; and (4) mailed a letter from a law firm to the address of the property, addressed to "Occupant." There was also testimony by a county employee that she mailed a letter addressed specifically to Kirkwood, although she could produce no copy of such letter, nor other record of any correspondence bearing Kirkwood's name, rather than "Occupant," nor any certified mail cards bearing his signature. Finally, the County also submitted affidavits of two county employees indicating that they had discussed the intended sale in their respective conversations with Kirkwood when he came into the tax office in January 2013 and made a $2300 payment toward the outstanding back taxes.

On the other hand, the County's own summary judgment evidence also included a transcript of Kirkwood's sworn testimony that, while he knew about the back taxes owed on the property and was making regular payments on those back taxes along with his payment of current taxes, he never received actual notice of the County's intended sale of his property. The County's submissions also included

4

evidence that both the County and the law firm representing the County had actual knowledge, well before the sale, that Kirkwood, and not Gleason, was the owner of the property and that Kirkwood was the one making regular payments toward the back taxes. Kirkwood's testimony also indicates that the law firm representing the County continued to accept payments from him toward the back taxes without ever telling him that a tax sale was pending or that the property could be sold even as he made payments.

In its brief on appeal, the County acknowledges Kirkwood's sworn testimony controverting actual notice, but asserts that the testimony is not competent summary judgment evidence because (a) Kirkwood is an interested witness and (b) his testimony is controverted by the County's evidence and is not "otherwise credible and free from contradictions and inconsistencies, and could have been readily controverted." While it is true that the naked testimony of an interested witness is generally insufficient to support the granting of summary judgment in a moving party's favor, it can be sufficient to create a fact issue requiring the denial of summary judgment. *Fieldtech Avionics & Instruments, Inc. v. Component Control.Com, Inc.*, 262 S.W.3d 813, 827 (Tex. App.—Fort Worth 2008, no pet.). Similarly, while the rules governing summary judgment require that testimonial evidence of an interested witness be "clear, positive and direct, otherwise credible

5

and free from contradictions and inconsistencies" in order for a summary judgment to be *based on* such evidence, there is no such strict requirement for testimonial evidence used to *defeat* summary judgment. *See* Tex. R. Civ. P. 166a(c); *Brooks v. Excellence Mortg., Ltd.*, 486 S.W.3d 29, 39 (Tex. App.—San Antonio 2015, pet. denied).

Applying these principals and the required standard of review, when faced with the County's evidence and argument that Kirkwood had actual notice of the sale on one hand, and the controverting evidence that Kirkwood never actually received any notice despite the County's actual knowledge of his ownership on the other, this Court is required to resolve any factual conflicts in Kirkwood's favor by disregarding the evidence supporting the County's position and taking the evidence supporting Kirkwood's position as true. *Dorsett,* 164 S.W.3d at 661; *Great Am. Reserve Ins. Co.,* 391 S.W.2d at 47. The result of that analysis is the existence of a genuine issue of material fact as to the issue of notice, the specific basis upon which the trial court granted summary judgment in the County's favor. Therefore, we must sustain Kirkwood's challenge to the trial court's order dismissing his cause of action.

In one related counter-issue on appeal, the County argues that Rule 44.1 of the Rules of Appellate Procedure prohibits this Court from reversing the trial court's order granting summary judgment. Rule 44.1 provides that

> [n]o judgment may be reversed on appeal on the ground that the trial court made an error of law unless the court of appeals concludes that the error complained of: (1) probably caused the rendition of an improper judgment; or (2) probably prevented the appellant from properly presenting the case to the court of appeals.

Tex. R. App. P. 44.1(a). Because our finding on Kirkwood's challenge is a dispositive finding that the trial court did render an improper judgment, Rule 44.1 does not prohibit this Court from reversing the trial court's order.

We also disagree with the County's argument that the trial court's order must be upheld on the ground that Kirkwood failed to show that the trial court abused its discretion because "there is at least some evidence" to support the trial court's order. This argument wholly ignores that, as the moving party, the County bore the burden of presenting not "some evidence," but evidence sufficient to negate the existence of any genuine issue of material fact. *See Lear Siegler,* 819 S.W.2d at 471. As we have described herein, the standard under which a trial court's grant of summary judgment is reviewed is well established as *de novo*, not abuse of discretion. *See Nixon,* 690 S.W.2d at 548–49 (noting that "[t]he standards for reviewing a motion for summary judgment are well established" by the Texas Supreme Court). The trial court's duty in a summary judgment proceeding is not to weigh the evidence presented or determine its credibility, but rather to simply determine whether any genuine issue of material fact exists in light of the clear mandates of how evidence

7

must be viewed in such a summary proceeding. *Cummins v. Travis Cty. Water Control & Improvement Dist. No. 17*, 175 S.W.3d 34, 53 (Tex. App.—Austin 2005, pet. denied). We therefore overrule the County's issue and, having sustained Kirkwood's issue, reverse the trial court's order granting the County's motion for summary judgment, and remand for further proceedings consistent with this opinion.

REVERSED AND REMANDED.

_____
CHARLES KREGER
Justice

Submitted on June 15, 2017
Opinion Delivered September 28, 2017

Before McKeithen, C.J., Kreger and Johnson, JJ.

8